JOHN F. HARDING
vs.
W. NORMAN SCRANTON

Superior Court      New Haven County          File #47984

Present:   Hon. JOHN A. CORNELL, Judge.

L. H. Stapleton,                    Attorney for the Plaintiff.

S. H. Platcow,
Joseph T. Shrebnik,            Attorneys for the Defendant.

**MEMORANDUM FILED DECEMBER 9, 1935.**

CORNELL, J.   It is found that when defendant came upon the plaintiff, the latter, who weighs about two hundred ninety pounds was bending over the former's son who at the time was less than nine years old and weighed sixty pounds and was then prone upon the ground—and had hold of his wrist or arm.

Under these and the other attending circumstances, defendant was justified in entertaining an apprehension that his son

was in danger of bodily injury and to use such force to rescue him from such conceived peril as was reasonably necessary for the purpose.

This he did by grabbing plaintiff and pushing him so hard that the latter fell to the ground. While the defendant was generous in the expenditure of muscular energy used in the operation, it cannot be said that he exceeded his right or that his action was such as to make him from that point the aggressor.

Plaintiff, himself, however, on arising from the ground where he had reclined but an instant when interrupted in his assumed task of "arresting" the boy became the aggressor when he pursued defendant and punched him on the side of the face.

Defendant was thereupon justified in using sufficient force to repel this assault upon his countenance and others which he might then have reasonably apprehended to impend. The blow which he struck plaintiff must be found to have collided with the latter in the exercise of that right.

As to the issues formed on the complaint and answer, judgment may be entered for defendant.

On the issues formed by the allegations of the counterclaim and "reply", these, also, are found for the defendant.

The blow struck defendant by plaintiff produced no injury other than that purely theoretical one that the law conceives under such circumstances. As to the boy, the lens fell out of his glasses the next day, but whether from anything that happened while he was at grips with his two hundred ninety pound opponent or from some other cause does not appear. Neither is the cost of repair in evidence.

The boy suffered no actual injury physically. Judging from his attitude on the witness stand, he rather enjoyed getting his father at fisticuffs with his neighbor, although apparently unimpressed with the cold aftermath of judicial inquiry following the more hectic scene ensuing upon his "misdirected" sling shot "pebbles".

Only nominal damages may be allowed.

Judgment may enter for the defendant on his counter-claim to recover of the plaintiff the sum of $2.00.