### HENRIETTA B. RESNIK
vs.
### THOMAS H. RUSSELL, ET AL.

Superior Court    New Haven County    File #52082

Present: Hon. EDWARD J. QUINLAN, Judge.

Franklin Coeller,          Attorney for the Plaintiff.

Day, Berry & Howard,    Attorneys for the Defendant.

### MEMORANDUM FILED MAY 25, 1937.

QUINLAN, J.  A previous pleading by the defendant by

way of counter-claim was stricken out on motion (John Rufus Booth, J.). The same matter is now alleged by way of set off. Set off is applicable to actions ex contractu and a physician's engagement is a matter of contract. The complaint sets forth an action of malpractice. Malpractice arises from contract but sounds in tort.

There appears to be a difference of opinion in different jurisdictions as to the affect of an action pursued to judgment for physician's services in a subsequent action for malpractice, but that a doctor's bill may be alleged, even by way of counter-claim does not appear to have been even questioned in these jurisdictions. Can it be said that such a claim "is not a subject matter so connected with the allegations of malpractice in the complaint as to be necessary for a full determination of the rights of the plaintiff and the defendant?" Certainly had the doctor sued for his services malpractice could be interposed either as a complete defense, or as affecting the value of the services depending upon the rule which our Court might see fit to adopt. I think the reverse of the proposition is sensible and reasonable, in a pleading alleging set off, but not in an action against defendants jointly.

It is not necessary to decide the question in this fashion, however, because we have two statutes which provide a remedy for the defendants. **Sections 5555 and 5556 G. S. Rev. 1930** provide for set off of joint or several debts, by filing a complaint in the court in which judgment shall have been rendered, within twenty-four hours after final judgment

The motion to strike out is granted.