NORTH HAVEN POLICE BENEVOLENT ASSOCIATION *v.* TOWN OF NORTH HAVEN

SUPERIOR COURT          NEW HAVEN COUNTY          FILE NO. 141007

Memorandum filed March 19, 1975

*Kopkind, Flynn & Raccio,* for the plaintiff.

*Loughlin, Kraemer, Noonan & Cella,* for the defendant.

DeVita, J. This is an application to vacate the arbitrators' award. The dispute arose after six policemen were promoted to supervisory positions on October 10, 1973. On December 12, 1973, the board of police commissioners rescinded that action, and the six men were returned to their previous ranks and duties. Five of the six men subsequently filed grievances over their demotions.

The arbitrators determined that the dispute is not arbitrable. The sole issue before this court is whether the arbitrators' conclusion that the grievances were not arbitrable is contrary to law and should be vacated.

In their briefs, the parties have relied solely on the general legal principles governing labor arbitration. The plaintiff has relied substantially on the doctrine that "[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *International Union* v. *General Electric Co.*, 148 Conn. 693, 701, quoting from *United Steelworkers* v. *Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582. The defendant, of course, relies heavily on the presumption in favor of the lawfulness of the arbitrators' award. *Gary Excavating Co.* v. *North Haven,* 160 Conn. 411.

The Connecticut Supreme Court has, on numerous occasions, reaffirmed the basic principle that "[a]rbitration is a creature of contract." *Waterbury Board of Education* v. *Waterbury Teachers Assn.*, 168 Conn. 54, 64. In applying that principle, the court must look to the collective bargaining agreement entered into by the parties. Section 19.1 of that agreement provides that "employees" may

file grievances. Section 1.1 defines employees, however, as "all Grade A and Grade B Patrolmen, Sergeants, and Lieutenants." It is clear that the employees involved in this dispute were not "employees" after their promotions, which constitute the basis of this action. They argue, however, that their status as employees following their demotions brings their grievances within the scope of the agreement. The court does not agree. In a very similar case, the United States Court of Appeals for the Sixth Circuit ruled that promotion of an employee to a supervisory position involves an agreement between the employee and the company. Such a promotion is therefore not covered by a collective bargaining agreement. Hence, the subsequent demotion of that person can give rise only to a breach of contract action and does not give rise to a grievance under a collective agreement. *United Steelworkers, Local No. 1617* v. *General Fireproofing Co.*, 464 F.2d 726.

The court, therefore, finds the arbitrators' decision to be in accordance with the law and denies the plaintiff's application to vacate that award or for an order directing the Connecticut state board of mediation and arbitration to rehear the matter.