[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiffs move to strike the defendants' second and third special defenses on the grounds that (1) the defendants' second special defense is based upon allegations of contributory negligence and, (2) the defendants have inappropriately asserted the collateral source rule in their third special defense.
On October 31, 1988, the plaintiffs, Mark DeAlba, ppa CT Page 4564 and Nancy DeAlba, filed a three-count complaint against three defendants, Etiennette L. George, Security Pacific Credit Corporation and Gateway Toyota, Inc. The plaintiffs brought this negligence action to recover for injuries sustained in a motor vehicle collision that occurred on July 13, 1987.
On May 2, 1990, a revised complaint was filed, and the three defendants individually responded to the revised complaint by answers that incorporated various special defenses.
The plaintiffs subsequently filed a motion to strike the second and third special defenses of defendants Etiennette L. George and Security Pacific Credit Corporation, and the single special defense of defendant Gateway Toyota, Inc.
As required by Connecticut Practice Book 155, the plaintiffs filed an appropriate memorandum of law, and the defendants all filed timely memoranda in opposition to the plaintiffs' motion to strike.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988) (citation omitted). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id. at 170. (citation omitted). "The court must construe the facts in the complaint most favorably to the plaintiff," Id. (citation omitted), and "if facts provable under the allegations would support . . . a cause of action the . . . [motion to strike] must fail." Alarm Applications v. Simsbury Volunteer Fire Co., 179 Conn. 541,545 (1980) (citations omitted).
For purposes of the Tort Reform Acts, accrual of an action refers to the date when the injury arose and not to the date when the action was filed. Buckland v. New Haven Podiatry Ass'n. , D.N. 25-59-42, J.D. of New Haven, May 26, 1987, Flanagan, J. Public Act 86-338 (Tort Reform I) governs negligence actions to recover damages for personal injury or wrongful death occurring on or after October 1, 1986, and Public Act 87-227, (Tort Reform II) governs such actions occurring on or after October 1, 1987. Public Act 86-338 (Tort Reform I), codified at Connecticut General Statutes 52-572h (rev'd to 1987), governs this action because the accident alleged in the main complaint occurred on July 13, 1987.
The second special defense of defendants Etiennette L. George and Security Pacific Credit Corporation provides that: "Any injuries, losses or damages sustained by Mark DeAlba were caused by his own negligence in that he was riding in the open CT Page 4565 flatbed section of a pickup truck without any restraint or other form of protection."
Defendant Gateway Toyota, Inc.'s sole special defense asserts that: "Any injuries, losses or damages were caused by the negligence of the plaintiff, Mark DeAlba, in that he negligently traveled in the back flatbed area of a pickup truck with no restraint or other form of protection."
The plaintiffs argue that the second special defense of defendant George and defendant Security Pacific, and the sole special defense of Gateway Toyota, should be stricken due to legal insufficiency because the minor plaintiff breached no duty; therefore he could not have been negligent.
The defendants argue that the minor plaintiff was under a duty to use reasonable care under the circumstances and that Connecticut General Statutes 52-572h (the comparative negligence statute) does not prevent them from asserting a contributory negligence defense.
The defendants maintain that Connecticut General Statutes52-572h does not necessarily prohibit them from asserting the defense of contributory negligence. In Wendland v. Ridgefield Construction Services 190 Conn. 791, 797-98 (1983), the court emphasized:
 As long as the jury is properly instructed concerning the doctrine of comparative negligence . . . elements involving the failure of the plaintiff to comprehend a risk may be specially pleaded and weighed by the trier in determining the propriety and totality of the plaintiff's conduct in relation to that of the defendant. `When a plaintiff's conduct in assuming a risk is unreasonable, then the [assumption of risk] doctrine overlaps contributory negligence and the principle of comparative negligence in the statute should apply.'
Id. at 798 (emphasis in original) (citation omitted). See Spencer v. Balfe, 5 CSCR 27 (November 22, 1989, Murray, J.) (motion to strike defendant's special defense on grounds that defenses of assumption of risk and contributory negligence have been abolished is denied) (citing Wendland v. Ridgefield Construction Services, 190 Conn. 791 (1983). See also Connecticut General Statutes 52-114 (rev'd to 1987) (statute that authorizes the affirmative pleading of contributory negligence).
The defendants' second special defense contends that the CT Page 4566 plaintiff/passenger was negligent because he was riding in the open flatbed of the truck without a restraint. However, in response, the plaintiff cites to Melesko v. Riley, 32 Conn. Sup. 89,90 (1975), in which the court observed that "to have the effect of defeating the action, the alleged contributory negligence must be an act or omission which contributes to the happening of the event . . . an act or omission that merely increases or adds to the extent of the loss or injury will not have that effect." Id. at 90 (citation omitted). Further, Connecticut General Statutes 14-100a(c)(4) (rev'd to 1987) provides that: [f]ailure to wear a seat safety belt shall not be considered as contributory negligence nor such failure be admissible in any civil action." Id.
The defendants' second special defense is stricken because merely riding in the flatbed of the truck, or the failure to use a seat belt, "could not, as a matter of law, contribute to the happening of the accident and is not therefore a valid ground of special defense." Melesko, 32 Conn. Sup. at 90 (emphasis added).
The third special defense of defendants' George Security Pacific provides that: "The defendants are entitled to full credit for any payments made to or on behalf of Mark DeAlba from collateral sources which do not enjoy a statutory right of subrogation."
The plaintiffs argue that the third special defense should be stricken because the defendants have not asserted this statutory right through an appropriate vehicle. The plaintiffs note the existence of a conflict of authority on the issue of whether the defendants may plead reduction of damages by collateral source payments as a special defense. The plaintiffs urge the court to adopt the reasoning of those courts that have held that such a matter is not properly raised by a special defense.
The defendants' argument in opposition merely consists of citations to those cases that have permitted defendants to plead collateral source payments as a special defense.
There is a conflict of authority as to whether a defendant may validly plead collateral source payments as a special defense. It is this court's position that the more persuasive authority prohibits the pleading of such a special defense.
Courts that have allowed the defendants to plead collateral source reductions as a special defense have done so because such an assertion is analogous to a special defense claiming set-off, which has been permitted, and, further, merely because it is a special defense does not necessarily mean that it will have to be submitted to the jury. Krug v. Budney, 5 CSCR 146 (January 18, CT Page 4567 1990, Allen, J.); Jandzinska v. Fournier, 4 CSCR 819 (October 24, 1989, Schaller, J.); Sheppa v. Adams, 40 Conn. Sup. 263, 264 (1985).
However, the courts that have flatly rejected this special defense have done so because it is "conceptually inappropriate," and is "undesirable as a practical matter." Zagaja v. Guerrara,5 CSCR 232, 233 (March 23, 1990, Maloney, J.). See also Wiggins v. Johnson, 5 CSCR 146, (January 24, 1990, Corrigan, J.) In Zagaja, the court noted that the defendant is required to plead a special defense se to "avoid surprise at trial by alerting the plaintiff to matters which the defendant intends to prove at trial as affirmative bases for avoiding or reducing liability." Zagaja, 5 CSCR at 233. The court emphasized that "[c]ollateral source payments are not such matters." Id. Such a pleading "does not narrow the issues between the parties but solely addresses the judgment to be satisfied." Wiggins, 5 CSCR at 146. Pursuant to Tort Reform I, "damages awarded by the trier of fact are reduced after the verdict on the basis of evidence which is totally outside the scope of the trial and which would be inadmissible there." Zagaja, 5 CSCR at 233. The court has the responsibility of "calculating and deducting the proper amount . . . ." Id. But the court's action clearly does not arise by virtue of the defendants prevailing at trial on issues raised in a special defense." Id. The Zagaja court further admonished that "[a]ny special defense, including this one, requires at least a reply by the plaintiff." Id. "This, of course, adds to the paper flow which currently clogs our system and invites even more by way of motions to strike, requests to revise, objections, etc., etc." Id. The court concluded that a "court should not encourage such litigious churning, especially during the pretrial phase of a case." Id.
The defendants' third special defense is stricken because a collateral source payment special defense is insufficient as a matter of law to comprise a valid special defense.
Accordingly, the plaintiffs' motion to strike the defendants' second and third special defenses is granted.
HENNESSEY, J.