[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION TO STRIKE FIRST SPECIAL DEFENSE
The issue in this case is whether a defendant should be permitted to claim, in a special defense, a reduction of a jury award for personal injuries by the amount of collateral source payments, pursuant to Connecticut General Statutes Section 52-225a and b.
 I.
This action arises out of a motor vehicle accident which occurred on November 23, 1989, in Preston, Connecticut. The plaintiff, Catherine E. Burrell, filed a one-count complaint dated January 9, 1991, against the defendant, John W. Violette, sounding in negligence for injuries she allegedly sustained as the result of the accident. As a result of the accident, plaintiff contends that she sustained injuries caused by defendant's negligence.
At issue here is defendant's first special defense that "(s)hould the plaintiff obtain a verdict against the defendant, then the defendant is entitled to setoff against such verdict any sums received by the plaintiff from collateral sources pursuant to Sec. 52-225a of the General Statutes."
The plaintiff, pursuant to Connecticut Practice Book Section 151 et seq., moved to strike this special defense on the ground that evidence of collateral source payments and any reduction of judgment is not properly pled as a special defense, but rather any reduction of judgment and/or award by collateral sources is a post-verdict deduction and thus a matter for the Court to decide after judgment has been rendered.
Each party has filed a memorandum of law.
 II.
"Whenever any party wishes to contest . . . the legal CT Page 6514 sufficiency of any answer to any complaint . . . or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or any part thereof." Vining v. Capone, 1 Conn. Law Rptr. 498 (April 12, 1990, Meadow, J.) citing Conn. Practice Book Sec. 152. In ruling on a motion to strike, the issue is whether, if the facts alleged are taken to be true, the allegations provide a cause of action or support a defense. King v. Board of Education, 195 Conn. 90, 93 (1985).
Defendant argues in opposition to the motion that Conn. Practice Book Sec. 168 provides a right of setoff whereby a defendant must affirmatively plead his claim of all collateral source payments or be deemed to have waived his rights. Conn. Practice Book Sec. 168 provides in pertinent part:
 In any case in which the Defendant has a . . . right of set-off . . . against the Plaintiff's demand, he may have the benefit of such set-off . . . by pleading the same as such in his answer, and demanding judgment accordingly; and the same shall be pleaded and replied to according to the rules governing Complaints and Answers.
Defendant claims a setoff pursuant to Sec. 52-225a(a), which provides in pertinent part that:
 (i)n any civil action . . . wherein the claimant seeks to recover damages resulting from (a) personal injury or wrongful death occurring on or after October 1, 1987 . . . the court shall reduce the amount of (an) award which represents economic damages . . . by an amount equal to the total amounts determined to have been paid by all collateral sources.
Subsection (b) of this statute provides the procedure by which the plaintiff's judgment is reduced.
 (b) Upon a finding of liability and an awarding of damages by the trier of fact and before the court enters judgment, the court shall receive evidence from the claimant and other appropriate persons concerning the total of collateral sources which have been paid for the benefit of the claimant as of the date the court CT Page 6515 enters judgment.
Plaintiff argues in support of the motion that under Tort Reform II it is for the court, not the jury, to hear any evidence on collateral sources. Plaintiff further argues that although Connecticut General Statutes Sec. 52-225a allows credits for collateral sources, this issue should not be considered during a jury trial, rather it is a matter for the court to address at the conclusion of the trial at a post-verdict hearing. If pled as a special defense and heard by the jury, the plaintiff contends that the jury would be prejudiced against the plaintiff in their determination of plaintiff's damages.
Although there is a split of authority as to whether Connecticut General Statutes Sec. 52-225a can be pled as a special defense, the Court is persuaded by the reasoning in Wiggins v. Johnson, 1 Conn. L. Rptr., 228 (January 25, 1990, Corrigan, J.), that defendant's first special defense is improper and plaintiff's motion to strike should be granted. Accord Vining v. Capone, 1 Conn. L. Rptr. 499 (April 12, 1990, Meadow, J.).
In Wiggins v. Johnson, supra, plaintiff moved to strike defendant's special defense which sought a reduction of any jury award for the amount of collateral source payments. The plaintiff argued that any evidence as to collateral sources that the jury may hear would prejudice the trier of fact in its determination of plaintiff's damages. The court held that "(a)lthough Sec. 52-225a does not proscribe collateral source amounts from being made known to the jury . . . the intent of the legislature . . . was to avoid having the jury hear of collateral sources as it might prove prejudicial to the plaintiff." Id. at 228. The Wiggins court reasoned that the intent of the legislature regarding Sec. 52-216a is similar to Sec. 52-225a. Sec. 52-216a expressly proscribes the jury from hearing any evidence of agreements with tortfeasors; this, to avoid the jury's knowledge of the existence of amounts already paid, which might prove prejudicial to a party in the action. Wiggins, 1 Conn. L. Rptr. at 228.
The Wiggins court further held that there is no purpose served in affirmatively pleading collateral source payments pursuant to Connecticut General Statutes Sec. 52-225a
as a means of raising the issue because it is sufficient for defendant to initiate such post-verdict deduction by providing notice to the court. Accord Vining v. Capone,1 Conn. L. Rptr. 199.
(Public Act 86-338 (Tort Reform I)) gives CT Page 6516 no guidance on that point, but it clearly does not require a defendant to raise the issue as a special defense. Since the act imposes on the court the affirmative responsibility of taking evidence and making the required reduction in damages after the verdict, a simple request to the court by the defendant at that time will suffice to trigger the procedure, if it is necessary.
Zagaja v. Guerra, 5 CSCR 232, 233 (March 29, 1990, Satter, J.). The court in Zagaja agreed with Wiggins that a defendant's statutory right to a post-verdict reduction in damages from collateral sources previously received by a plaintiff is not properly pled as a special defense. In Zagaja, the court stated:
 (t)he reason for requiring a defendant to specially plead a defense other than a general denial is to avoid surprise at the trial by alerting the plaintiff to matters which the defendant intends to prove at trial as affirmative bases for avoiding or reducing liability. Collateral source payments are not such matters. Pursuant to section 4 of the act, (Public Act 86-338 (Tort Reform I)) damages awarded by the trier of fact are reduced after the verdict on the basis of evidence which is totally outside the scope of the trial and which would be inadmissible there. In essence, the reduction is a charge against the amount which the plaintiff would otherwise be entitled to receive in the judgment. Created by statute in derogation of our long-standing common law the court's responsibility in calculating and deducting the proper amount does not easily fit into any familiar, existing procedural category. It is akin to the court's role in ordering a remittitur on account of an excessive judgment or in granting a motion to set aside a verdict to modify the amount of damages awarded. But the court's action clearly does not arise by virtue of the defendant's prevailing at trial on issues raised in a special defense. CT Page 6517
 Pleading collateral source payments as a special defense is not only conceptually inappropriate; it is also undesirable as a practical matter. Any special defense, including this one, requires at least a reply by the plaintiff. This, of course, adds to the paper flow which currently clogs our system and invites even more by way of motions to strike, requests to revise, objections, etc., etc. The two cases (Krug v. Budney, 5 CSCR 146 (Jan. 18, 1990, Allen, J.); Wiggins v. Johnson, 5 CSCR 146
(Jan. 24, 1990, Corrigan, J.)) both involving motions to strike, are testaments to the potential for unnecessary make-work. The court should not encourage such litigious churning, especially during the pretrial phase of a case.
Zagaja, 5 CSCR at 233 (emphasis added). Accordingly, the Wiggins and Zagaja courts found defendants' special defenses to be improper, and thereby prevented the fact finder from hearing any evidence of collateral sources.
In Rosiello v. Ladden, 5 CSCR 712 (August 7, 1990, Santos, J.), the court granted plaintiff's motion to strike where the defendant argued that a claim for a setoff for collateral source payments under Sec. 52-225a is properly pled as a special defense because "it involves a determination that is made before judgment, concerns the rights of the parties, and limits plaintiff's right to recovery." In accordance with the rationale of Wiggins, the Rosiello court states that the reduction for collateral source payments pursuant to Sec.52-225a is not a matter for the jury, nor should be properly raised during the trial, and therefore it is unnecessary for a defendant to affirmatively plead it. Rosiello, 5 CSCR 714. Further, the court stated that the collateral source payment is not a setoff. "A setoff is a claim by defendant against a plaintiff or a debt independent of the action sued upon. A collateral source payment is not such a claim, but rather is a payment made to plaintiff by or pursuant to any health, sickness or automobile insurance policy provision, health benefits or payments made pursuant to any contract to provide for or reimburse costs of health care services. Sec. 52-225b." Rosiello, 5 CSCR 714.
Unlike Wiggins and Rosiello, in Krug v. Budney,5 CSCR 146 (January 18, 1990, Allen, J.), the court denied CT Page 6518 plaintiff's motion to strike and permitted the defendant to raise the issue of collateral source payments as a proper legal setoff pursuant to Conn. Practice Book Sec. 168. The basis for the court's decision was that the mere allegation of the right of setoff specially pleaded by the defendant does not necessarily mean that such evidence must be heard by the trier of fact. Additional cases that have held that a defendant may not assert collateral source payments as a special defense in accordance with Wiggins include: Schon v. Schweitzer, 3 Conn. L. Rptr. No. 1, 12 (December 31, 1990, Corrigan, J.); Finnegan v. Fazo, 2 CTLR 604 (December 10, 1990, Allen, J.); Zujewski v. Allen, 2 CTLR 46 (August 6, 1990, Fuller, J.).
The Court agrees with the plaintiff because any evidence of collateral source payments heard by a jury is likely to improperly influence its determination, and unnecessarily complicate the jury's work, which is complex enough under Tort Reform II.
Further, since Connecticut General Statutes Sec.52-225a places upon the court an "affirmative responsibility" to consider evidence of collateral sources after the conclusion of the trial, the issue of collateral sources is appropriately asserted by the defendant by a "simple request to the court" after the verdict has been rendered. See Zagaja,5 CSCR 232. Since defendant already has a clear right to a post-verdict reduction for collateral source payments to plaintiff, there is no prejudice to defendant in striking his specially pled right of setoff. See Sabol v. Mancini,5 CSCR 518 (June 26, 1990, Kulawiz, J.).
Plaintiff's motion to strike defendant's first special defense is granted.
TELLER, J.