[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS MECHANICS LIEN
The defendants, MultiTech of New England and Randall C. Mathieson seek to dismiss the mechanic's lien of the cross-complainant Dalton Enterprises, Inc.
This action was initiated by the Complaint of Visions Unlimited, Inc. to foreclose a mechanic's lien filed and recorded on Manchester property on June 30, 1989. The complaint was filed on July 2, 1990.
A Lis Pendens was filed by the Plaintiff Visions Unlimited on June 22, 1990.
The Cross-Complainant Dalton filed its mechanics lien on the same Manchester property of the Defendant on January 9, 1990.
Dalton by cross-complaint dated December 3, 1990 seeks to foreclose its mechanics lien. CT Page 10783
Dalton filed a Lis Pendens on February 20, 1991.
The defendant movants' claim is that the lien of the cross-claimant Dalton is invalid for failure to file a lis pendens within one year of the recording of its mechanic's lien.
Conn. Gen. Stat. Sec. 49-39 provides in pertinent part that "[a] mechanic's lien shall not continue in force . . . unless the party claiming the lien commences an action to foreclose it . . . and records a notice of lis pendens . . . within one year from the date the lien was recorded. . . ."
The Cross-Claimant Dalton argues 1) that the failure to file a timely notice of lis pendens does not invalidate a lien; 2) the purpose of filing a lis pendens was accomplished by the Plaintiff's lis pendens and 3) that the actual knowledge of the Defendant movants may substitute for the constructive notice accomplished by filing the lis pendens.
The mechanic's lien is solely a statutory creation and the expressed requirements must be complied with to enforce such a lien, Diamond National Corp. v. Dwelle, 164 Conn. 540
(1973), H S Torrington Associates v. Lutz Engineering Co.,185 Conn. 549, 553 (1981).
The clear language of the statute evidenced by the use of the term "shall" indicates the mandatory nature of the timely lis pendens requirement, Caulkins v. Petrillo,200 Conn. 713, 717 (1986).
The argument of reliance on plaintiff's lis pendens is also inconsistent with the language of the statute requiring action by "the party claiming the lien." The plaintiff is not claiming the cross-claimant's lien.
The position that actual notice may suffice for the lis pendens requirement finds support in the Superior Court decisions Meyer, Kasindorf and Mancino v. Lafayette Bank and Trust Co., 34 Conn. Sup. 84 (1977), William Lee Son Builders v. Fentner, 14 CLT 20, 3, CSCR 378 (May 16, 1988) and Sasso Tile Co. v. Goldblatt, 14 CLT 24,3 CSCR 464 (June 20, 1988).
Other superior court decisions have invalidated liens by strictly applying the time requirement as to lis pendens. See, Putnam Plumbing Heating v. Hatrick, 16 CLT 28,5 CSCR 494 (July 16, 1990); Forge Square Associates Limited Partnership v. P M Mason Contractors, Inc., 16 CLT 9,5 CSCR 146 (February 26, 1990); Sanzo Concrete Construction CT Page 10784 Co., Inc. v. Kovac, 14 CLT 10, 3 CSCR 174 (March 7, 1988); Kelly-Fradet Lumber Co., Inc. v. Stomper, 12 CLT 24,1 CSCR 319 (June 23, 1986); General Electric Supply Co. v. SNET, 9 CLT 9 (1983).
In resolving the conflict at this time, the court is guided by the recent Supreme Court decision in Lauer v. Zoning Commission, 220 Conn. 455 (1991). The Lauer case dealt with the failure of the respondent zoning commission to provide the notice to the surrounding town. The court determined that the notice requirement of Conn. Gen. Stat. Sec. 8-3h to the neighboring town was a personal notice requirement the absence of which, would not constitute a jurisdictional defect. In the zoning context constructive notice to the general public cannot be waived and is jurisdictionally required. Personal notice to a specific individual; however, is not jurisdictional and can be waived. See; Sachem's Head Assn. v. Lufkin 168 Conn. 365, 368,362 A.2d 519 (1975), Schwartz v. Hamden, 168 Conn. 8, 15,357 A.2d 488 (1975).
The court in Meyer noted that the lis pendens was constructive notice, but could be waived by actual notice. This reasoning is contrary to the general rule as articulated in Lauer v. Zoning Commission, supra, and the line of authority upon which it relies.
The lis pendens requirement of Conn. Gen. Stat. Sec.49-39 is a constructive notice requirement which is jurisdictionally mandated.
The cross-claimant Dalton did not file its lis pendens within one year of the recording of its lien. It's mechanic lien is therefore defective.
The Motion to Dismiss the Mechanics Lien of Dalton Enterprises, Inc. is granted, and the Mechanics lien is ordered dismissed.
HON. ROBERT McWEENY SUPERIOR COURT JUDGE