[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present action has been brought by the plaintiff to recover damages for personal injuries arising out of a motor vehicle accident. The defendant has pleaded, as the Second Special Defense, that the plaintiff has received collateral source payments as defined in General Statutes Section 52-225 (b) which must be deducted from any verdict in favor of the plaintiff. The plaintiff has filed a Motion to Strike the Second Special Defense on the ground that it is not a legally sufficient defense. The defendant CT Page 24 asserts that he is required by Practice Book Section 168 to plead collateral source payments as a setoff.
General statutes Section 52-225a provides for the reduction of damages resulting from collateral source payments as that term is defined in our statutes. Upon the awarding of damages and "before the court enters judgment", General Statutes 52-225 (b) requires that the "Court shall receive evidence" concerning collateral source payments.
A "set off" envisions a debt owing from the plaintiff to the defendant or at least a claim by the defendant against the plaintiff. Savings Bank of New London v. Santaniello 135 Conn. 206,210-211 (1943) Black's Law Dictionary (5th Ed. 1979); Ballentine's Law Dictionary (3rd Ed. 1969); see also Petti v. Balance Rock Associates, 12 Conn. App. 353, 362 (1987); Nickerson v. Martin,34 Conn. Sup. 22, 26-29 (1976); General Statutes Section 52-139 and Section 52-141. Under Practice Book Section 168 a defendant may have the benefit of a counter-claim or set off by pleading the same in the answer "and demanding prejudgment accordingly".
The court concludes that the collateral source payments referred to in the Second Special Defense do not constitute a claim by the defendant against the plaintiff and therefore do not constitute a"setoff" as that term is utilized in Section 168 of the Practice Book. Collateral source payments are required by statute to be considered by the "court" upon "an awarding of damages by the trier of fact and before the court enters judgment". Accordingly, consideration of such payments is mandated by statute and does not arise by virtue of any cause of action which the defendant can assert against the plaintiff.
The court notes that a number of Trial courts have also determined that such collateral source payments may not be asserted as a special defense. Burren v. Violette, 4 Conn. L.Rptr. 350 (July 2, 1991, Teller, J.); Rosiello v. Ladden, 2 Conn. L.Rptr. 179
(August 7, 1990, Santos, J.); Wiggins v. Johnson, 5 CSCR 146
(January 24, 1990, Corrigan, J.); Zagaja v. Guerrera, 5 CSCR 232
(March 23, 1990, Maloney, J.); Davis v. Nichols,5 Conn. L.Rptr. 64
(September 30, 1991, McGrath, J.). But see, contra, Krug v. Budney, 5 CSCR 146 (January 18, 1990, Allen, J.); Jandzinska v. Faunnier, 4 CSCR 819 (October 24, 1989, Schaller, J.).
The Motion to Strike the Second Special Defense is, therefore, granted.
RUSH, J.