[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: PLAINTIFF'S MOTION TO STRIKE (#112)
On October 30, 1991, the plaintiff, Darlene Zajac, filed a complaint against the defendant, Dr. David Bock, D.D.S. The plaintiff alleges, inter alia, that on or about January 18, 1990, Dr. Bock performed various dental services for her, Thereafter, the plaintiff allegedly complained of pain and discomfort in her mouth, jaw, tooth and face. Dr. Bock allegedly tried, but failed, to alleviate this pain and, consequently, the plaintiff sought the assistance of another dentist, Dr. Sofferman, who immediately relieved the plaintiff's pain and discomfort. Consequently, the plaintiff CT Page 4753 alleges that the defendant was negligent and careless in treating the plaintiff.
On December 30, 1991, the defendant filed an answer to the complaint and attached thereto two special defenses. The second of these special defenses is the subject of the present motion to strike. That special defense states that "[t]he plaintiff has [been] or will be compensated by collateral sources for none or all of her claimed damages which sums must be set off against a judgment against the defendant if any."
On April 13, 1992, the plaintiff filed a motion to strike the second special defense and submitted therewith a supporting memorandum. The defendant has not filed a memorandum in opposition to the motion to strike.
The motion to strike is provided for in Practice Book 151-158. A motion to strike tests the legal sufficiency of a pleading and "admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). Furthermore, the court is required to construe the facts in the complaint most favorably to the plaintiff when considering a motion to strike. Gordon v. Bridgeport Hous. Auth., 208 Conn. 161, 170,544 A.2d 1185 (1988). Practice Book 155 states, "[i]f an adverse party objects to this motion he shall, at least five days before the date the motion is to be considered on the short calendar, file and serve a memorandum of law." Practice Book 155.
The defendant has failed to file a memorandum of law in opposition to the motion to strike. Prior to October 1, 1989, the failure to file an opposing memorandum of law was deemed as consent to the motion to strike. See, e.g., Hughes v. Bemer, 200 Conn. 400, 510 A.2d 992 (1986). "Practice Book . . . 155 [has] been amended so that a party who files an untimely memorandum is no longer deemed to consent to the granting of a motion made under [this] section." Southport Manor Convalescent Center, Inc. v. Foley, 216 Conn. 11, n. 1, 578 A.2d 646 (1990); Castillo v. Brito, 5 CTLR 201, 202 (October 28, 1991, Hennessey, J.)
The legal sufficiency of a special defense may be determined by reference to Practice Book 164 which states that "[f]acts which are consistent with [the plaintiff's statement of fact] but which show, notwithstanding, that he has no cause of action, must be specially alleged." Practice Book 164. See also Grant v. Bassman, 221 Conn. 465,472-73, ___ A.2d ___ (1992) (stating that "[t]he purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless that the plaintiff has no cause of action"). Thus, if the facts provable "under the allegations of the special defense, construed in the light most favorable to the defendant show, notwithstanding, the verity of the plaintiff['s] allegations, that the plaintiff has no cause of action, then the motion to strike must fail." Daniels v. Martinczak, 8 CSCR 247 (February 24, 1992, Schaller, J.), citing Ferryman, supra. CT Page 4754
In its memorandum in support of its motion to strike, the plaintiff contends that collateral source payments are not properly plead as a special defense.
The second special defense, as was noted, supra, claims that "[t]he plaintiff has [been] or will be compensated by collateral sources for none or all of her claimed damages which sums must be set off against a judgment against the defendant if any." This fact, construed in the defendant's favor, fails to demonstrate that the plaintiff has no cause of action. See Daniels, supra. A collateral source reduction pursuant to General Statutes 52-225a is "undertaken only after damages are awarded by the trier of fact, on the basis of evidence which is `totally outside the scope of trial and which would be inadmissible there.'" Daniels, supra, quoting Zagaja v. Guerra, 5 CSCR 232, 233 (March 29, 1990, Satter, J.) Thus, the reduction constitutes a charge against that which is awarded to the plaintiff after she has proven the elements of her cause of action. Zagaja, supra. Therefore, this special defense is legally insufficient because facts fairly provable thereunder fail to show that the plaintiff has no cause of action. Daniels, supra; Wiggins v. Johnson, 5 CSCR 146 (January 25, 1990, Corrigan, J.); Zujewski v. Allen, 5 CSCR 617 (July 16, 1990, Fuller, J.); Shashikant Patel v. W.F. Painting, Inc., 7 CSCR 136 (January 27, 1992, Mihalakos, J.)
Additionally, collateral source payments do not constitute a set-off. Air Flo, Inc. v. Consolidated Engineers and Constructors, Inc.,8 CSCR 248
(February 24, 1992, Fuller, J.) A set-off is a "claim by a defendant against a plaintiff on a debt independent of the action sued upon." Savings Bank of New London v. Santaniello, 130 Conn. 206, 211, 33 A.2d 126
(1943). In addition to arising from facts independent of the plaintiff's cause of action, a set-off involves:
 [R]ights and liabilities as between the plaintiff and the defendant, and does not involve rights and liabilities as between a plaintiff or defendant and a third party. Because a claim for the reduction of damages based upon a plaintiff's receipt of collateral damages is premised upon transactions or occurrences not between the plaintiff and the defendants, but between the plaintiff and a third party, and because a collateral source reduction does not arise `independent of the action being sued upon,' a collateral reduction [need not] be specially pleaded.
Daniels, supra, 248.
Consequently, because this court holds that evidence of collateral source payments should not be introduced until a decision on the amount of damages has been made, the motion to strike the second special defense is granted. CT Page 4755
PICKETT, J.