[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: PLAINTIFF'S MOTION TO STRIKE (#145)
The plaintiff, Robert Cunningham, instituted this action against, inter alia, defendant Chainsaws Unlimited, Inc. ("Chainsaws"), seeking damages for injuries allegedly sustained from the use of a defective chainsaw. The complaint is brought, in part, pursuant to the Connecticut Products Liability Act ("CPLA"), General Statutes 52-572m et seq. On December 10, 1991, defendant Chainsaws filed an answer to the complaint, and attached thereto three special defenses. The second special defense asserts that the plaintiff's injuries were the result of the misuse, abuse and negligence of the plaintiff's employer, Wright's Tree Service, Inc., ("Wright"). In the third special defense the defendant claims a Workers' Compensation set-off pursuant to General Statutes 52-572(r).
On April 13, 1992, the plaintiff moved to strike the second and third special defenses on the grounds that the second special defense is not permitted by the CPLA, and the third special defense is not permissible because collateral source reduction occurs only after a verdict. The plaintiff attached to its motion a supporting memorandum.
On May 15, 1992, the defendant filed a memorandum in opposition to the motion to strike.
The motion so strike is provided for in Practice Book 151-158. A motion to strike tests the legal sufficiency of a pleading and "admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). See also Krasnow v. Christensen,40 Conn. Sup. 287, 288, 492 A.2d 850 (1985) (stating that a motion to strike is the proper manner by which to challenge the legal sufficiency of a special defense). Furthermore, the CT Page 6275 court is required to construe the facts in the complaint most favorably to the plaintiff when considering a motion to strike. Gordon v. Bridgeport Hous. Auth., 208 Conn. 161, 170, 544 A.2d 1185 (1988).
In its memorandum in support of its motion to strike, the plaintiff contends that the defendant "cannot allege negligence, on the part of plaintiff's former employer, as a special defense because plaintiff's former employer, is not a party [to this action]." With regard to the third special defense, the plaintiff claims that collateral source payments should not be plead as a special defense. The defendant, in its opposing memorandum, rebuts these claims.
The legal sufficiency of a special defense may be determined by reference to Practice Book 164, which states that "[f]acts which are consistent with [the plaintiff's statement of fact] but which show, notwithstanding, that he has no cause of action, must be specially alleged." Practice Book 164. See also Grant v. Bassman, 221 Conn. 465, 472-73,___ A.2d ___ (1992) (stating that "[t]he purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action"). Thus, if the facts provable "under the allegations of the special defense, construed in the light most favorable to the defendant show, notwithstanding, the verity of the plaintiff['s] allegations, that the plaintiff has no cause of action, then the motion to strike must fail." Daniels v. Martinczak, 8 CSCR 247 (February 24, 1992, Schaller, J.), citing Ferryman, supra.
The second special defense, as was noted, supra, states that the plaintiff's injuries were the result of the misuse, abuse and negligence of Wright in the latter's handling of the chainsaw. As was noted, supra, the plaintiff's complaint is brought, in part, pursuant to the CPLA, General Statutes 52-572m et seq. General Statutes 52-572o is a "comparative negligence statute which allows a claimant to recover but which diminishes his award of damages in proportion to his responsibility for the injury." Rau v. Rouselle Corp., 3 CSCR 302, 303 (February 2, 1988, Burns, J.) In Rau, supra, the plaintiff argued that because his employer was not a party to the action and because the products liability statute, General Statutes52-572o, contemplates that only the conduct of parties may be considered in determining liability, there can be no consideration of the conduct of a non-party in determining fault. Id. The Rau court stated that:
 There is nothing in Conn. General Statutes 52-572n et seq. that prohibits a defendant from claiming that a person not a party to the proceedings caused the plaintiff's injuries. Courts cannot, by construction, read into legislation provisions which are not stated. . . . `It is not for us to search out some intent which we may believe the legislature actually had and give effect to it.' (Citations omitted.)
Rau, supra, See also Stefano v. Smith, 705 F. Sup. 733, 737
CT Page 6276 (D. Conn. 1989)
The Rau court further stated that "based upon the language of the products liability statute regarding comparative negligence. . .it would appear that the defendant can claim the employer's negligence." Rau, supra, 303, citing Clement v. Rousselle, 373 So.2d 1156, cert. denied383 So.2d 1191 (Fla. 1979). However, the Rau court continued, stating that:
 A claim that another person is the proximate cause of an injury should be introduced by a general denial and not pleaded as a special defense . . . .`A denial of a material fact places in dispute the existence of that fact. Even under a denial, a party generally may introduce affirmative existence of the disputed fact. . . . If, however, a party seeks the admission of evidence which is consistent with a prima facie case, but nevertheless would tend to destroy the cause of action, the "new matter" must be affirmatively pleaded as a special defense.' (Citations omitted.)
Rau, supra.
"Although the second special defense could be stricken on the basis that the matter should be proved under a general denial, [the] plaintiff has failed to assert this ground and therefore the court is limited to the grounds specified in the motion." Id. (Emphasis added.) See also Stefano, supra, 737; 65A C.J.S. Negligence 201(3) 432-33. In accordance with Rau, supra, this court denies the plaintiff's motion to strike the second special tense.
The third special defense, as was noted, supra, claims a Workers' Compensation set-off. This fact construed in the defendant's favor, fails to demonstrate that the plaintiff has no cause of action. See Daniels, supra. A collateral source reduction pursuant to General Statutes 52-225a is "undertaken only after damages are awarded by the trier of fact, on the basis of evidence which is `totally outside the scope of trial and which would be inadmissible there'" Daniels, supra, quoting Zagaja v. Guerra,5 CSCR 232, 233
(March 29, 1990, Satter, J.) Thus, the reduction constitutes a charge against that which is awarded to the plaintiff after she has proven the elements of her cause of action. Zagaja, supra. Therefore, this special defense is legally insufficient because facts fairly provable thereunder fail to show that the plaintiff has no cause of action. Daniels, supra; Wiggins v. Johnson, 5 CSCR 146 (January 25, 1990, Corrigan, J.); Zujewski v. Allen, 5 CSCR 617 (July 16, 1990, Fuller, J.); Shashikant Patel v. W.F. Painting, Inc., 7 CSCR 136 (January 27, 1992, Mihalakos, J.)
Additionally, collateral source payments do not constitute a set-off. Air Flo, Inc. v. Consolidated Engineers and Constructors, Inc., 8 CSCR 248
(February 24, 1992, Fuller, J.) A set-off is a "claim by a defendant against a plaintiff on a debt independent of the action sued upon." Savings Bank of New London v. Santaniello, 130 Conn. 206, 211, 33 A.2d 126
(1943). In addition to arising from facts independent of the plaintiff's CT Page 6277 cause of action, a set-off involves:
 [R]ights and liabilities as between the plaintiff and the defendant, and does not involve rights and liabilities as between a plaintiff or defendant and a third party. Because a claim for the reduction of damages based upon a plaintiff's receipt of collateral damages is premised upon transactions or occurrences not between the plaintiff and the defendants, but between the plaintiff and a third party, and because a collateral source reduction does not arise `independent of the action being sued upon,' a collateral source reduction is not a set-off. Therefore. . .a collateral reduction [need not] be specially pleaded.
Daniels, supra, 248.
Consequently, because this court holds that evidence of collateral source payments should not be introduced until a decision on the amount of damages has been made, the motion to strike the third special defense is granted. Zajac v. Bock, 7 CSCR 720 (June 22, 1992, Pickett, J.)
In accordance with the foregoing, the motion to strike the second special defense is denied, and the motion to strike the third special defense is granted.
PICKETT, J.