[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
On December 23, 1991, the plaintiff, Elissa Silvio, filed a one count complaint against the defendant, Aetna Casualty and Surety Company. The complaint alleges that on November 16, 1988, the plaintiff was involved in an automobile accident wherein her car was struck by a vehicle operated by Rocco Magnanimo. The plaintiff claims that Mr. Magnanimo's liability insurance coverage was inadequate to compensate her for the damages that she suffered. She alleges that at the time of the accident, she was insured by the defendant for any personal injuries suffered due to the negligent operation of a motor vehicle by an underinsured motorist. The plaintiff seeks to recover from the defendant under the underinsured motorist provision of her policy.
On March 9, 1992, the defendant filed an answer to the complaint and four special defenses. Pursuant to Practice Book, Sec. 152, the plaintiff filed a motion to strike defendant's second, third and fourth special defenses on March 13, 1992. Both parties have filed memoranda supporting their respective positions.
Under Practice Book, Sec. 152(5), "[a] motion to strike is the proper manner in which to raise the issue of the legal sufficiency of a special defense to a cause of action." Passini v. Decker, 39 Conn. Sup. 20, 21,467 A.2d 442 (Super.Ct. 1983). On a motion to strike special defenses, the court "must take the facts to be those alleged CT Page 6363 in the defendants' special defenses. . .and must construe them in the manner most favorable to the pleader." Mobilia, Inc. v. Santos, 4 Conn. App. 128, 130, 492 A.2d 544 (1985).
The defendant, in its second special defense, claims that any damages awarded to the plaintiff should be reduced "by the amount received by the plaintiffs from collateral sources in accordance with Connecticut General Statutes, Sec.52-225." The plaintiff has moved to strike that special defense on the ground that "collateral source setoffs may not be specially pleaded."
In an action for personal injury or wrongful death, General Statutes, Sec. 52-225a requires the court to reduce the amount of economic damages awarded to the plaintiff by any amount already received by the plaintiff as compensation for those damages. The court shall hear evidence of collateral sources received by the plaintiff "[u]pon a finding of liability and an awarding of damages by the trier of fact and before the court enters judgment. . . ." General Statutes, Sec. 52-225a(b).
In order to claim a right of setoff, the defendant must plead the setoff as a special defense. Practice Book, Sec. 168. A setoff is a debt owing from the plaintiff to the defendant that arises independently of the transaction described in the plaintiff's complaint. Savings Bank of New London v. Santaniello, 130 Conn. 206, 210, 33 A.2d 126
(1943).
There is a split of authority in the Superior Court as to whether a plaintiff may plead collateral source payments as a special defense. The majority of courts have held that collateral source payments may not be specially pled by the defendant. The reasons advanced by those courts are twofold. First, General Statutes, Sec. 52-225a requires the court to consider evidence of collateral source payments after the jury has found the defendant liable and awarded damages. Therefore, "[b]ecause the reduction for collateral sources provided by section 52-225a is not a matter to be tried to the jury or a matter to be raised at trial, it is unnecessary for defendants to affirmatively plead the same." Rosiello v. Ladden, 2 Conn. L. Rptr. 238, 242 (August 7, 1990, Santos, J.).
Second, it has been held that payments from a collateral source are not a proper legal setoff which must be pled under Practice Book, Sec. 168 because "[a] collateral source payment is not a claim on a debt independent of the cause of action sued upon." Id. See also Sabol v. CT Page 6364 Mancini, 2 Conn. L. Rptr. 71 (July 3, 1990, Kulawiz, J.); Saladino v. Barry, 5 Conn. L. Rptr. No. 15, 405 (January 3, 1992, Rush, J.); Daniels v. Martinczak, 5 Conn. L. Rptr. No. 1b, 429 (January 10, 1992, Schaller, J.); Burren v. Violette, 4 Conn. L. Rptr. No. 11, 350 (July 2, 1991, Teller, J.); Wiggins v. Johnson, 5 CSCR 146 (January 24, 1990, Corrigan, J.); Zagaja v. Guerrera, 5 CSCR 232 (March 23, 1990, Maloney, J.); Davis v. Nichols,5 Conn. L. Rptr. No. 3, 64 (October 21, 1991, McGrath, J.); Schon v. Schweitzer, 3 Conn. L. Rptr. No 1, 12 (December 31, 1990, Corrigan, J.); Finnegan v. Faza, 2 Conn. L. Rptr. 761
(October 31, 1990, Allen J.); Zujewski v. Allen,2 Conn. L. Rptr. 92 (July 16, 1990, Fuller, J.); Vining v. Carpone1 Conn. L. Rptr. 498 (April 12, 1990, Meadow J.).
One court in the minority has reasoned that a collateral source special defense "is analogous to special defenses claiming setoff." Jandzinska v. Fournier,4 CSCR 819 (October 24, 1989, Schaller, J.). Other courts have held that collateral source payments are not a setoff, but that "even if the collateral source payment credit on any judgment is specially pled, it will not prejudice the jury because it will never be submitted to them." Hoffman v. Hada,4 Conn. L. Rptr. No. 5, 156 (May 15, 1991, Flynn, J.). See also DeBruycker v. Pioneer Development and Associates, Ltd., 2 Conn. L. Rptr. 661 (October 25, 1990, Pickett, J.); Krug v. Budney, 5 CSCR 146 (January 18, 1990, Allen, J.).
This court is of the opinion that the cases in the majority are better reasoned as they are more in accord with the language of General Statutes, Sec. 52-225a and Practice Book, Sec. 168. Therefore, the plaintiff's motion to strike the second special defense is granted.
The defendant's third special defense seeks to have any damages awarded to the plaintiff reduced by "the amount of any basic reparation benefits and/or direct indemnity medical expenses paid or payable under the plaintiff's policy." The plaintiff moves to strike this defense on the ground that the defendant "has failed to allege those contractual provisions entitling it to those reductions."
Practice Book, Sec. 109 states in relevant part that "[a]cts and contracts may be stated according to their legal effect, but in so doing the pleading should be such as fairly to apprise the adverse party of the state of facts which it is intended to prove." It is clear that under this section, the defendant need not allege verbatim the contractual provisions on which it relies. In the present case, the defendant has adequately apprised the plaintiff of the legal CT Page 6365 effect of the provisions upon which it relies; therefore, the plaintiff's motion to strike the third special defense is denied.
The defendant's fourth special defense asserts that the plaintiff's claim is time barred by the provision of the policy which states that all claims or suits brought against the defendant under a policyholder's uninsured motorist coverage must be brought within two years of the accident. The plaintiff moves to strike this special defense on the ground that the defense applies only to uninsured motorist claims, whereas this is a claim for underinsured motorist benefits.
The plaintiff argues in her memorandum that her position is supported by the language of General Statutes, Sec. 38a-290, and she cites two superior court cases interpreting that statute favorably in relation to similar arguments regarding the time limitation of underinsured motorist claims. See Kissh v. Automobile Insurance Company of Hartford, Connecticut, 5 Conn. L. Rptr. No. 20, 550 (March 2, 1992, Pickett, J.); Kulisch v. Aetna Casualty Surety Co., 5 Conn. L. Rptr. No. 14, 377 (January 20, 1992, Reilly, J.).
The special defense itself, however, is premised on the language of the insurance contract, not the statute. Therefore, the issue of contractual interpretation must be considered in conjunction with the issue of statutory interpretation. To properly do so, the court would need to examine, at the very least, the contract itself. However, "[a]nnexation of an agreement to it [a motion to strike] or alleging affirmative matter makes it the equivalent of a `speaking motion to strike,' which is not proper. The court cannot consider such extraneous material on a motion to strike." Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181,182-83, 415 A.2d 771 (1979). (It should be noted that the Kissh and Kulisch cases cited in the plaintiff's brief were decided on motions for summary judgment.)
Plaintiff's motion to strike defendant's fourth special defense is denied.
In accord with the foregoing, plaintiff's motion to strike is granted as to the defendant's second special defense, and denied as to the third and fourth special defense.
WEST, J. CT Page 6366