[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S SECOND AND THIRD SPECIAL DEFENSES
The minor plaintiff, Lauren Darling, brings this action by here mother and legal guardian, Debra Darling, for damages against the defendant underinsured motorists carrier alleging that she was operating a bicycle and was struck and injured by the negligence of the underinsured tortfeasor, who is not a party to this case; his liability policy has been exhausted. CT Page 11090 the second count of the plaintiffs' complaint claims damages for the medical bills and expenses incurred by the plaintiff mother, individually.
The defendant has interposed a second special defense alleging that the plaintiffs have received payments from collateral sources and a third special defense alleging that the negligent supervision of the minor plaintiff's non-custodial father, James Darling, was a proximate cause of her injuries and damages, thereby claiming that the defendant's liability should be reduced.
The plaintiffs move to strike these special defenses; the parties have filed memoranda of law and were hears.
As to the second special defense, the plaintiffs argue that a claim for reduction based on collateral sources may not be properly raised before a decision on the amount, if any, of damages is rendered. As to the third special defense, the plaintiffs claim that negligent supervision by a parent is not a defense to a tort action by a minor child.
The plaintiffs further concede that while it may be a defense to a parent's action for recovery of medical expenses, such is not the case when the alleged negligent supervisor is a non-custodial parent. The defendant claims that since the insurance contract controls the amount of damages, the collateral source reduction is appropriately pled. The defendant also claims that the father's negligent supervision was a proximate cause of the accident and injury, and as the underinsured tortfeasor could have impleaded the father and raised this defense, the defendant could also.
The purpose of a motion to strike is to test the legal sufficiency of a pleading. Practice Book Section 152; Ferryman v. Groton, 212 Conn. 138,142 (1989). In ruling upon such a motion, the court must take as admitted all well pled facts and construe them in a manner most favorable to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170
(1988).
1. The Collateral Sources Special Defense.
General Statutes Section 52-225a(a), provides, in part, that where ". . .liability is admitted or is determined by the trier of fact and damages are awarded to compensate the claimant, the court shall reduce the amount of such award which represents economic damages. . . ." The procedure to be followed to effect such reduction is set forth in General Statutes Section 52-225a(b): CT Page 11091
"Upon a finding of liability and an awarding of damages by the trier of fact . . . and before the court enters judgment, the court shall receive evidence . . . concerning the total amount of collateral sources which have been paid for the benefit of the claimant. . . ." (emphasis provided). the superior court decisions are split as to whether collateral sources reductions may be raised as a special defense. Cases allowing a collateral source special defense include: Krug v. Budney, 5 CSCR 146 (January 18, 1990); and Jandzinska v. Fournier, 4 CSCR 819 (October 24, 1989. It is significant that the Jandzinska court noted that such a special defense need not be shown to the jury.
The cases holding against allowing a collateral source special defense include: Patel v. W. F. Painting, 7 CSCR 136 (January 8, 1992); Zagaja v. Guerrera, 5 CSCR 232 (March 23, 1990); Wiggins v. Johnson, 5 CSCR 146
(January 24, 1990); and Burrell v. Violtte, (New London JD #517151, July 2, 1991(. Additional cases that have held that a defendant may not assert collateral source payment as a special defense include Schon v. Schweitzer, 3 Conn. L. Rptr. No. 1, 12 (December 31, 1990); Finnegan v. Fazo, 2 CTLR 604 (December 10, 1990); and Zujewski v. Allen 2 CTLR 46 (August 6, 1990).
The Court agrees with the reasoning set for the in the latter cases that any evidence of collateral source payments heard by a jury is likely to improperly influence its determination, and unnecessarily complicate its work, which is complex enough under the tort reform statute.[1] This is even more so when it is unclear whether the second special defense is directed to the minor plaintiff's action or the mother's.
Further, since General Statutes Section 52-225a places upon the court "an affirmative responsibility to consider evidence of collateral services after the conclusion of the trial," the issue of collateral sources may appropriately be asserted by the defendant by a "simple request to the court after the verdict has been rendered." (emphasis supplied) See Zagaja, supra, 5 CSCR 232. The defendant also claims that the terms of the policy itself relating to underinsured motorists coverage permit it to assert collateral sources as a special defense. The trouble with this claim is that the defendant did not plead any specific policy language which may entitle the defendant to such a collateral source reduction.
2. The Negligent Parental Supervision Special Defense.
it is well settled that the negligence of a parent cannot affect the child's right to recover. Simon v. Nelson, 118 Conn. 154, 157 (1934). the defendant has provided no authority to the court to show why this rule should be abrogated in the case of a non-custodial parent's alleged negligent supervision when the tort action has been brought on behalf of CT Page 11092 the child by the custodial parent, or for that matter, by anyone else. It is the child's tort action that we are dealing with.
The plaintiff further appears to argue, by analogy, that the parental immunity doctrine which would ordinarily insulate the father from suit by a child in non motor vehicle[2] or non "business activity" torts should not be applied in the case where the family has been disrupted by a divorce and the negligent supervisor of a non-custodial father is at issue, and cites in support of that argument, Dzenutis v. Dzenutis, 200 Conn. 290
(1986). The short answer to this argument is that Dzenutis is inapposite, as our Supreme Court justified excluding the parental immunity doctrine in that case because the parent's negligence occurred in the context of business activities conducted away from the family home. Here, there was no such business activity, as the father and daughter were engaged in a recreational, family activity, bicycling.
Our Supreme Court also recently rejected an invitation to abrogate the doctrine in a case involving negligence arising out of parental supervision. Dubay v. Irish, 207 Conn. 518 (1988). distinguishing Dzenutis, the Dubay court said, at p. 525," In the case at hand, the alleged acts of negligence occurred within the family home and clearly involved the exercise of ordinary parental discretion and control with respect to the case, supervision and discretion of (the child)." This Court sees nor real difference in the application of this policy in the context of the invocation of parental immunity in a tort action against a parent or when a parent's negligent supervision is raised as a defense would fly in the fact of the tort reform law (Public Act 87-227 Section 3, Tort Reform II), which amended the statute to provide that liability is apportioned only when more than one party was negligent. Aside from the plaintiff's own negligence, "as a result of this change . . . a defendant cannot have his . . . liability reduced in proportion to the liability of another person, unless that other person is also a party to that action." Snipes v. Fisher, 17 CLT 34 (August 26, 1991). As noted, the non-custodial father is not a party.
The defendant's constitutional equal protection arguments have no merit and were already rejected in the context of the parental immunity doctrine in Dubay v. Irish, supra, pp. 528-530. The defendant points to nothing which would justify a different view.
For the foregoing reasons, the plaintiffs' motion to strike the defendant's second and third special defenses is granted.