BIAGLIO NICOLI *v.* THE FROUGE CORPORATION

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued May 4—decision released June 29, 1976

*Ralph L. Palmesi,* with whom was *Salvatore C. DePiano,* for the appellant (plaintiff).

*Bernard S. Peck,* with whom were *Richard A. Johnson,* and, on the brief, *George J. Markley,* for the appellee (defendant).

PER CURIAM. The defendant is the owner of the Trumbull shopping park, one of the largest shopping complexes in Connecticut. On March 18, 1964, Progress Realty Corporation entered into a written lease with the defendant for rental space in the shopping center for the operation of an Italian

restaurant. The lease was for fifteen years with a five-year option to renew. In 1966, the plaintiff purchased the stock of the Progress Realty Corporation. The purchase contract contained an express assignment to the plaintiff of the lease between the defendant and Progress Realty. The defendant never consented to that assignment in writing, as was required by the terms of the lease.

After purchasing the stock, the plaintiff continued to operate the restaurant business. Since 1966, the defendant has made numerous complaints to the plaintiff about unsightly, unsavory and dangerous conditions in the shopping mall caused by the plaintiff's sale of pizza slices that were being carried from and consumed outside the restaurant premises.

In 1968, Progress Realty was dissolved by the secretary of the state for failure to file its annual reports, which dissolution, however, did not come to the attention of the defendant until September, 1973. After learning of the dissolution of Progress Realty, the defendant brought a summary process action to evict the plaintiff from the premises. In three separate counts, the defendant alleged (1) that the lease was assigned to the plaintiff without the consent of the defendant, and that the original corporate lessee had been dissolved; (2) that the rent was not paid in a timely fashion; and (3) that the plaintiff committed various violations of the lease in the operation of the business. The plaintiff then brought an action in the Superior Court to enjoin the defendant from proceeding with the summary process action. The court enjoined the defendant from proceeding with the second count of the summary process action, but refused to grant relief with respect to the first and third counts. From

the judgment rendered the plaintiff has appealed, assigning error in the court's refusal to find facts, in finding facts without evidence, in certain rulings on evidence, in the overruling of his claims of law, and in the conclusions reached.

The plaintiff has attacked three paragraphs of the finding as found without evidence. Evidence to support those facts has been printed in the defendant's appendix. The plaintiff also seeks to add certain facts to the finding. Those "facts," however, are not admitted or undisputed. See, e.g., *Barnini* v. *Sun Oil Co.*, 161 Conn. 59, 61, 283 A.2d 217. The remaining assignments of error pertaining to the finding have not been briefed and are considered abandoned. *Pappas* v. *Pappas,* 164 Conn. 242, 243–44, 320 A.2d 809.

The issuance of an injunction lies in the discretion of the court exercised in accordance with recognized principles of equity. *Schomer* v. *Shilepsky,* 169 Conn. 186, 194, 363 A.2d 128; *Moore* v. *Serafin,* 163 Conn. 1, 6, 301 A.2d 238. A court may enjoin a forfeiture of a lease based on technical grounds "to relieve a party against forfeitures and penalties not occasioned by his wilful neglect, upon the principle that one having a legal right shall not be permitted to avail himself of it for the purpose of injustice or oppression." *Mackey* v. *Dobrucki,* 116 Conn. 666, 670, 166 A. 393. Equity will intervene where "the delay has been slight, the loss to the lessor small, and when not to grant relief would result in such hardship to the tenant as to make it unconscionable to enforce literally" the conditions of the lease. *F. B. Fountain Co.* v. *Stein,* 97 Conn. 619, 626–27, 118 A. 47; *Galvin* v. *Simons,* 128 Conn. 616, 620, 25 A.2d 64.

In the present case, the trial court concluded that the defendant could be materially affected by the alleged breaches of the lease and that the plaintiff failed to show facts which would entitle him to an injunction with respect to the first and third counts of the summary process action. Those conclusions are fully and reasonably supported by the unchallenged finding, and they do not reflect the application of any erroneous rules of law material to the case. *Brauer* v. *Freccia,* 159 Conn. 289, 293, 268 A.2d 645; *Craig* v. *Dunleavy,* 154 Conn. 100, 105, 221 A.2d 855. We find no abuse of discretion in the court's refusal to enjoin the defendant from proceeding with the first and third counts of the summary process action.

We have reviewed the plaintiff's claims of error concerning the court's rulings on evidence and have found them to be without merit.

There is no error.