MOBILIA, INC. *v.* JOHONOR M. SANTOS ET AL.
(2185)

HULL, SPALLONE and DALY, Js.

Argued March 13—decision released May 21, 1985

*Dominick S. Piacenza,* for the appellants (defendants).

*Edward E. Moukawsher,* for the appellee (plaintiff).

DALY, J. The plaintiff initiated this action in summary process against the defendants for nonpayment of rent. From a judgment rendered in favor of the plaintiff, after the striking of the defendants' special defenses and counterclaim, the defendants have taken this appeal.

The factual situation does not appear to be in dispute. The plaintiff entered into a written lease for one year with the named defendant for the rental of a lot in the plaintiff's mobile home park for the named defendant's mobile home. The lease commenced on August 1, 1982, and provided for a monthly rent of $170. In January of 1983, the named defendant conveyed an interest in the mobile home to the defendant Joan Tufano. The defendants then submitted a rental payment of $140, rather than the required $170. On January 26, 1983, the plaintiffs issued a notice to quit possession for nonpayment of rent of $170 due and payable on January 1, 1983.

The defendants filed an answer, two special defenses and a counterclaim. The first special defense alleged a retaliatory eviction. The second special defense disputed the amount of rent due, indicated that a complaint to the Connecticut real estate commission was pending and averred a substantial hardship to the defendants if they had to sell their mobile home. The counterclaim sought an injunction to prevent the plaintiff from proceeding against the defendants on the

ground, inter alia, of discrimination in that the defendants are two unmarried and unrelated females.

The plaintiff filed a motion to strike, claiming (1) that the first special defense of retaliatory eviction was not available in a summary process action based on nonpayment of rent, (2) that the second special defense as pleaded was legally insufficient to invoke the court's equitable powers, and (3) that the counterclaim should be stricken because it was not a proper pleading in a summary process action.

The trial court granted the motion to strike the special defenses and the counterclaim and, subsequent to a hearing, rendered judgment in favor of the plaintiff. The defendants have appealed, claiming that the trial court erred in granting the plaintiff's motion to strike.

"The purpose and scope of a motion to strike are identical to those of a demurrer under the old rules of practice . . . ." *Cavallo* v. *Derby Savings Bank,* 188 Conn. 281, 283, 449 A.2d 986 (1982). Since this appeal is before us pursuant to a motion to strike, we must take the facts to be those alleged in the defendants' special defenses and counterclaim, and must construe them in the manner most favorable to the pleader. *Sheets* v. *Teddy's Frosted Foods, Inc.,* 179 Conn. 471, 472, 427 A.2d 385 (1980).

There was no error in the trial court's striking the first special defense since actions for nonpayment of rent are not deemed to be retaliatory. General Statutes § 47a-20a.

The second special defense requested equitable relief against forfeiture on the basis of hardship and the forced sale of their mobile home. The counterclaim sought an injunction to restrain the plaintiff from pur-

suing its summary process action for essentially the same reasons promulgated in the second special defense.

"A court may enjoin a forfeiture of a lease based on technical grounds 'to relieve a party against forfeitures and penalties not occasioned by his wilful neglect, upon the principle that one having a legal right shall not be permitted to avail himself of it for the purpose of injustice or oppression.' . . . Equity will intervene where 'the delay has been slight, the loss to the lessor small, and when not to grant relief would result in such hardship to the tenant as to make it unconscionable to enforce literally' the conditions of the lease." *Nicoli* v. *Frouge Corporation,* 171 Conn. 245, 247, 368 A.2d 74 (1976). Here, the defendants wilfully withheld paying the monthly payment provided in the lease.

"It is elementary that a court of equity, even in the absence of fraud, accident or mistake may grant relief to prevent a forfeiture resulting from the breach of a covenant to pay rent upon payment or tender of all arrears of rent with interest." *Zitomer* v. *Palmer,* 38 Conn. Sup. 341, 345, 446 A.2d 1084 (1982). No such tender has been pleaded by the defendants.

"There are no special elixirs which trigger the extraordinary remedies of equity. Each party seeking equitable relief in the summary process action is required to prove the necessity for invoking the powers of equity. The doctrine against forfeiture cannot be dilatorily invoked to eviscerate the statutory mandate of our summary process laws. Under circumstances, however, where the conscience is shocked or the forfeiture unconscionable, the doctrine against forfeiture should be an available shield to the tenant." *Zitomer* v. *Palmer,* supra, 346. The deliberate failure on the part of the defendants to tender the agreed monthly rent, however, would not appear to allow the triggering of

equitable relief or entitle them to an injunction. The trial court therefore did not err in striking the defendant's second special defense and counterclaim.

There is no error.

In this opinion the other judges concurred.