[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I
Introduction
On May 9, 1990, the court, Susco, J. approved a stipulated agreement of the parties in which judgment for possession entered in favor of the plaintiff landlord with a final stay of execution through October 31, 1990. The defendants were to pay $540.00 per month as reasonable use and occupancy. Additionally, an arrearage of $89.00, which apparently was contested, was paid by the defendants to the plaintiff on said date. On November 6, 1990, the defendants filed an Application for Injunction seeking to stay an eviction scheduled for November 3, 1990. This court granted an ex parte order enjoining the eviction and set a hearing for November 14, 1990. On said date, the parties appeared and only the defendant Reene Lomas: (aka Maureen Lomas) testified. The plaintiff, John F. Knaus, Jr., sat at counsel table but did not testify.
 II
Discussion
This application is treated by the court as a writ of audita querela. Westfarms Associates v. Kathy-John's, Inc., SPH-8511-3091, Goldstein, J. (H-733); Wyngate, Inc. v. Bozak, Inc., SPH-8308-20390, Goldstein, J. (H-684). The writ is a post judgment motion designed to postpone or prevent the enforcement of the execution on the judgment for equitable considerations. Westfarms Associates, supra; Norman Associates v. Vann, SPH-8302-17843 NB, Aronson, J. (H-437); 2 Stephenson, Conn. Civ. Proc. Sec. 209 (2d Ed.). In the Norman case, the court discussed the stipulated judgment, the conditions stated therein and the defendant's success and failure in meeting these conditions. The court further noted that the defendant therein failed to make one of the required payments on time. In the present matter, there is no issue as to the timeliness of the use and occupancy payment(s). The only issue is the defendants' failure to quit possession by October 31, 1990, the end of the final stay. Plaintiff argues that since the stay is final, there is nothing left to discuss. The court notes that under General Statutes sec. 47a-35 an execution is stayed for five days in an action for nonpayment unless the defendant has filed for further relief under General Statutes sec. 47a-37. The court is authorized to grant a further stay with a three month CT Page 4040 total limit. General Statutes sec. 47a-35. Clearly the time here has exceeded the three month period. There is no adequate remedy at law. Wyngate, Inc. v. Bozak, Inc., supra, p. 3.
At the hearing the defendant testified that on May 9, 1990 she had anticipated moving into a house where she had previously performed cleaning services and whose owner had died. Evidently it was in probate at that time and she had agreed with one of the heirs that she would lease the property. Mrs. Lomas testified that it was in September 1990 that she first learned that the rental amount would be $400.00 more per month than originally anticipated. She further testified that she contacted the plaintiff on several occasions to discuss her plight but that he referred her to his lawyer who indicated the May 9, 1990 agreement controlled. She likewise testified that the plaintiff had said that "he hated to see it happen."
Mrs. Lomas testified that she has performed work for the plaintiff since May 9, 1990 including replacing a basement window and restarting or repairing the furnace to another tenant's unit. Mr. and Mrs. Lomas have custody of their 7 year old granddaughter who apparently needs special care and attends a private school in Newington. Despite knowing that she would be unable to rent the new house, Mrs. Lomas only made a few calls to find a new apartment and she did not attempt to lease any new apartment or house. As previously mentioned, the plaintiff, although present did not testify.
As noted by Judge Aronson in Norman Assoc., supra, "from a literal reading of the stipulation, the plaintiff is well within its legal right to seek an execution on the judgment." The present matter, as noted by the court in response to plaintiff counsel's strong objections, is equitable and "equity will intervene where the delay has been slight, the loss to the lessor small, and when not to grant relief would result in such hardship to the tenant as to make it unconscionable to enforce literally the conditions of the lease." Nicoli v. Frouge Corporation, 171 Conn. 245, 247 (1976). In this case the testimony indicated that the plaintiff has received all use and occupancy payments under the stipulation and was even offered a payment for November (Exhibit One). As the plaintiff did not testify, this court received no evidence as to loss to the landlord or as to any hardship to the landlord. From the testimony of the defendant, the court is not convinced that the landlord would be harmed. At the same time, the court heard convincing testimony that a severe hardship would result to the defendants and their granddaughter. Plaintiff's only argument was that the agreement contained the phrase "final stay". While the court heard no testimony as to the length of the tenancy, it did receive testimony that the defendants have helped the CT Page 4041 landlord or performed work on a number of occasions. The arrearage of $89.00 which was paid on the court trial date of May 9, 1990 was, according to the stipulation, contested, and certainly less that a full month's rent.
This court believes that equity should intervene in this matter. The defendants substantially performed, they gave notice of their inability to move out on the stated date, had a sufficient and valid reason as to their noncompliance and the court sees no injustice or harm to the plaintiffs. Audita querela is a limited and extraordinary legal remedy, based on equity, to inhibit the unconscionable use of a lawful judgment because of matters arising subsequent to the judgment. Stephenson, supra, sec. 209. The broad issue becomes not comparative inconvenience but comparative hardship. Westfarms Associates, supra, 4. This court is certainly aware that the defendants did not try as hard as one would expect after receiving news of their inability to lease their new home. Yet, that fact must be weighed against other considerations which in this case dictate granting some relief. See Seven Fifty Main Street Associates Limited Partnership v. Spector, SPH-8208-15858 HD, Goldstein, J. (H-706). The application is granted.
The defendants have requested relief until the end of this school year, namely, June 1991. The court understands that the minor child is receiving certain special care and that a stable environment is always beneficial. Yet, the court notes that she is attending a private school and will remain at that school. This court is disinclined to grant relief until June, 1991 and therefore grants a stay until March 15, 1991,
BERGER, J. CT Page 4042
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 4043
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 4044
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 4045
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 4046