[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action of summary process for possession of a lot in a mobile home park leased to the defendant under a month-to-month lease. The defendant, who appeared pro se, admitted all of the allegations of the complaint and alleged as a special defense that he tendered all of the rent due including a 5 percent late charge on September 13, 1990, which was two days after the notice to quit possession was served.
The Court heard the parties and finds that the notice to quit possession on or before October 17, 1990 was served on the defendant on September 11, 1990. The defendant, on September 13, 1990, deposited his personal check for $212.33 in a box maintained on the lessor's premises, representing the monthly rent of $190, a 5 percent late charge of $9.50 and a gas utility payment. The box was customarily used by the landlord to receive rental payments. However, the landlord returned the check to the defendant unnegotiated. The defendant during the trial, claimed that it would be inequitable to dispossess him from the premises because he owned the mobile home on the plaintiff's lot; he had resided there for over nine years; and that it would be extremely difficult, if not impossible, to find another lot for his mobile home. Although the Court at the conclusion of the evidence requested that the parties file briefs on the issue of whether a literal enforcement of the month-to-month lease should be ordered as the plaintiff claims; or whether, as the defendant asserts, the Court should enjoin a forfeiture of the lease on technical grounds, when it would be unconscionable CT Page 129 and oppressive to do so, "as the delay has been slight, the loss to the lessor small, and not granting relief to the tenant would result in great hardship." See Mobilia, Inc. v. Santos, 4 Conn. App. 128, 131 (1985).
The Court does not have to reach this issue however, under the circumstances of this case. Summary process actions against a tenant-resident who owns his own "mobile manufactured home," as here, must be instituted pursuant to the provisions of Connecticut General Statutes Section 21-80 (b)(1), which provides in pertinent part, "Notwithstanding the provisions of Section 47a-23 (the summary process statute) an owner may. . .maintain a summary process action against a resident who owns his mobile. . .home only for one or more of the following reasons:
(A) Nonpayment of rent, utility charges or reasonable incidental services charges;" Section 21-80 (b)(3) states, in pertinent part, "Notwithstanding the provisions of Section 47a-23, termination of any tenancy in a mobile manufactured home park shall be effective only if made in the following manner; (B). . . when termination is based upon subparagraph (A) of subdivision (1) of this subsection, (nonpayment of rent), the owner need give the resident only thirty days' written notice, which notice shall state the total arrearage due provided, the owner shall not maintain or proceed with a summary process action against a resident who tenders the total arrearage due to an owner within such thirty days and who has not so tendered an arrearage under this subparagraph during the preceding twelve months." (emphasis provided).
The Court finds that the defendant owns and occupies his mobile home and is a resident in the plaintiff's mobile home park, and tendered to the plaintiff the sum of $212.33 within thirty days of the service upon him of the notice to quit. The notice to quit recited an arrearage due for unpaid rent of $190. The plaintiff's tender was greater than the arrearage stated and was made within the period prescribed by Section 21-80 (b)(3)(B), and there was no evidence that the defendant so tendered an arrearage under this statute within the previous twelve months. The statutory provisions for the service of the notice to quit, the information required to be contained therein, and the bar against the landlord from commencing the action for thirty days after service of the notice or after a valid tender made within such thirty-day period are mandatory and must be strictly followed. The plaintiff, under the circumstances, could not reject the defendant's timely tender of the full arrearage. The failure of the plaintiff to strictly comply with the statutory notice provisions and to accept the tender of the arrearage when CT Page 130 made, deprived the Court of subject matter jurisdiction.
Accordingly, the case is dismissed. Judgment may enter for the defendant without costs.
TELLER, J.