[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant proceeding seeks to foreclose a certain mortgage against property owned by Eleanor and Robert Hausmann. The plaintiff, Resolution Trust Corporation, is the conservator of the Danbury Federal Savings and Loan Association, a bank previously seized by the federal government. Among the many inferior mortgages or lienholders named as defendants in the action are Gateway Bank (hereafter "Gateway") and Joan H. Faerman. Faerman has filed a cross-claim against the Hausmanns, alleging that the Hausmanns engaged in a series of fraudulent conveyances involving the subject property, in order to deceive creditors Faerman seeks a declaration that her lien is superior to and takes priority over certain other defendants, including Gateway.
The defendant, Gateway, has filed four special defenses to Faerman's cross-claim, and Faerman has responded by filing a motion to strike those special defenses on the ground that the bank has no standing to interpose a defense as the cross-claim is directed only at the Hausmanns. Faerman also attacks the legal sufficiency of the special defenses.
Section 186 of the Practice Book recites in relevant part that "[t]he complaint in all actions seeking the CT Page 6646 foreclosure of a mortgage or other lien upon real estate shall set forth, in addition to the other essentials of such complaint: All encumbrances of record upon the property both prior and subsequent to the encumbrance sought to be foreclosed. . . ." In other words, Sec. 186 "thereby establishes . . . those parties that should be made defendants in the action." R. Caron, Connecticut Foreclosures, 2nd Ed., 1989. It logically follows then, that Faerman's cross-claim which ultimately seeks "[a] foreclosure by sale of her Judgments and Judgment Liens," should necessarily include all of the other mortgagees and lienholders as defendants.
The court also recognizes as a practical matter that it is unlikely that the Hausmanns will spend the time and money to defend the cross-claim, since a determination of the priority of creditors to the proceeds from a sale of their home is probably of no importance to them. As the rights of Gateway and others are implicated in the cross-claim, a default judgment in favor of Faerman would prejudice the rights of these other creditors. "The court may determine the controversy as between the parties before it, if it can do so without prejudice to the rights of others; but, if a complete determination cannot be had without the presence of other parties, the court may direct that such other parties be brought in." General Statutes, Sec. 52-107. In the interests of justice and fairness, the court finds that Gateway has standing to interpose special defenses to Faerman's cross-claim.
The function of a motion to strike "is to test the legal sufficiency of a pleading." Ferryman v. Groton,212 Conn. 138, 142. On a motion to strike special defenses, the court "must take the facts to be those alleged in the defendants' special defenses . . . and must construe them in the manner most favorable to the pleader." Mobilia, Inc. v. Santos, 4 Conn. App. 128, 130.
Gateway's first special defense alleges that the decision of Judge Ryan in Faerman v. Tierney, D.N. 0077468S, Judicial District of Stamford — Norwalk at Stamford (December 1, 1986) is res judicata regarding Faerman's claim of fraudulent conveyance. Faerman moves to strike this special defense on the ground that Gateway cannot assert the doctrine of res judicata because it was not a party to the earlier action.
 "The doctrine of res judicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a CT Page 6647 court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction."
Orselet v. DeMatteo, 206 Conn. 542, 544
Robert Hausmann, who is a defendant in the cross-claim, was also a defendant in Faerman's action in the Stamford court. Gateway is the holder of a mortgage on Hausmann's property. "[A] judgment is binding as to a subsequent grantee, transferee, or lienor of property." 46 Am.Jur.2d, Judgments, Sec. 533. "[A] grantee is in privity with his grantor and entitled to the benefits of judgments entered in favor of the grantor. . . ." 46 Am.Jur.2d, Judgments, Sec. 534. Gateway may assert the doctrine of res judicata in defense to Faerman's cross-claim. Faerman's motion to strike is denied as to the bank's first special defense.
The second special defense interposed by Gateway is that Faerman's judgment lien is out of the chain of title, and therefore not binding upon it. Faerman moves to strike this defense on the ground that "there is no authorization for such a defense, as it does not appear among those special defenses listed in Sec. 164 of the Practice Book. In speaking to the predecessor of Sec. 164 (Sec. 120 of the 1963, edition), our Supreme Court observed that "Practice Book, Sec. 120 lists some of the defenses which must be specially pleaded and proved." (Emphasis added.) Pawlinski v. Allstate Insurance Co., 165 Conn. 1, 6. Clearly, the list of special defenses contained in Sec. 164 is hardly all inclusive. Since the special defense does not allege facts inconsistent with the cross-complaint, but alleges nonetheless that Faerman does not have a cause of action, it is found by this court that it is properly pleaded. See id., 8. The motion to strike is denied as to Gateway's second special defense.
The third special defense alleges that Faerman failed to bring her cross-claim within the time limitation of Sec.52-577 of the General Statutes. Faerman grounds her motion as it addresses this special defense on the same argument which she utilized in her attack on the first special defense. That argument is as unpersuasive as against the third special defense as it was against the first and is denied. CT Page 6648
In its fourth special defense, Gateway alleges that its mortgage, taken in good faith and for value, is not voided by the fraud alleged in the cross-claim. Faerman seeks to have this defense stricken on the same basis as her motion to strike the bank's second special defense. It is denied on this count as well and in accordance with the reasoning on the second.
Faerman's motion to strike is denied in its entirety.
Moraghan, J.