[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE #114
On January 23, 1992, the plaintiff, The Glastonbury Bank and Trust Company, filed a one count amended complaint seeking the foreclosure of a mortgage it holds on property located at 10 Bayview Avenue, East Lyme, Connecticut. The plaintiff alleges that on January 15, 1991, defendants Corbett Construction Company, Inc., and David P. Maker executed a promissory note in favor of the plaintiff for the sum $295,665.43. On January 24, 1991, to secure the note, defendant David P. Maker in conjunction with defendant Deborah M. Maker mortgaged the subject parcel to the plaintiff. It is alleged that the defendants have defaulted on the note.
On March 25, 1992, the defendants filed a revised answer to the amended complaint, containing two special defenses and two counterclaims.
In the first special defense, the defendants allege the existence of an oral agreement whereby the plaintiff agreed to "forbear from the repossession of [a rock crushing machine] and/or the foreclosure of this mortgage," in exchange for the defendants' disclosure of "certain proprietary information and trade secrets to the plaintiff." The defendants allege that the plaintiff has breached that CT Page 9414 agreement.
In the second special defense, the defendants allege that the plaintiff repossessed the rock crusher and sold it privately. They allege that the sale of the rock crusher "was not an arms length transaction and was not for fair market value." Id. The defendants allege that the instant foreclosure action was brought in, order to realize the deficiency from that sale, but that the "deficiency is, the result of the Plaintiff's own conduct."
The defendants allege in, their first counterclaim that the plaintiff has slandered the defendants. In the second counterclaim, the defendants allege that the plaintiff's actions constitute a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes Sec. 42-110a et seq.
On April 16, 1992, the plaintiff filed a motion to strike the special defenses and counterclaims, on the ground that they are legally insufficient as a matter of law. The defendants oppose the motion. Both parties have filed memoranda in support of their respective positions.
The purpose of a motion to strike "`is to test the legal sufficiency of a pleading.'" (Citation omitted.) Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). Pursuant to Practice Book Sec. 152(5), "[a] motion to strike is the proper manner in which to raise the issue of the legal sufficiency of a special defense to a cause of action." Passini v. Decker, 39 Conn. Sup. 20, 21,467 A.2d 442 (Super. CT. 1983). Furthermore, under Practice Book Sec. 152(1), a motion to strike "may properly be used to challenge the sufficiency of a counterclaim." Fairfield Lease Corporation v. Romano's Auto Service, 4 Conn. App. 495,496, 495 A.2d 186 (1985). On a motion to strike, the court "must take the facts to be those alleged in the `defendants' special defenses and counterclaim[s], and must construe them in the manner most favorable to the pleader. Mobilia, Inc. v. Santos, 4 Conn. App. 128, 130, 492 A.2d 544
(1985).
Prior to addressing the arguments raised in the plaintiff's memorandum of law, the court notes the defendants' argument that the motion should be denied in its CT Page 9415 entirety because it is a speaking motion to strike. Extraneous material annexed to a motion to strike is considered a "speaking motion to strike" which is not proper. Connecticut State Oil Company v. Carbone, 36 Conn. Sup. 181, 182-3,415 A.2d 771 (Super.Ct. 1979). "Where the legal grounds for such a motion, are dependent upon, underlying facts not, alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial and the motion should be denied." Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990).
In support of their argument that the motion to strike depends upon facts outside of the pleadings, the defendants note that the plaintiff bases one of its arguments in support of the motion upon the fact that "Plaintiff did not agree to forbear upon collection efforts resulting from the Defendant's default including the foreclosure of the Mortgage in this matter. Any discussion of forebearance prior to the commencement of this action may constitute attempts to reach a settlement between the parties." This fact is outside of the pleadings. "Nothing in our cases suggests, however., that every argument in a motion to strike is rendered defective by the moving party's allegation of some fact not contained in the pleadings, regardless of whether that fact is relevant for each argument in the motion." Liljedahl Bros. Inc. v. Grigsby, supra, 349. While the motion is a speaking motion as to one of the plaintiff's arguments the court is not barred from considering the plaintiff's remaining arguments.
A. First Special Defense
The plaintiff moves to strike, the defendants' first special defense of breach of an oral forbearance agreement on the following grounds:
1. The defense is barred by the Connecticut Statute of Frauds, General Statutes Sec. 52-550.
2. The defense is barred because it deals with settlement negotiations between the parties, which are confidential and inadmissible in Connecticut.
3. It is not an available defense to a complaint seeking foreclosure of a mortgage. CT Page 9416
The court will consider the preliminary issue of the availability of the first special defense to the defendants, prior to considering whether the statute of frauds is applicable to the agreement alleged in that defense.
In foreclosure actions, available defenses are limited to payment, discharge, release, satisfaction or invalidity of a lien. Petterson, v. Weinstock, 106 Conn. 436,441, 138 A.2d 433 (1927);, Connecticut Savings Bank v. Reilly, 12 Conn. Sup. 327-28 (Super.Ct. 1944). The equitable defenses of mistake, accident, or fraud from fulfilling a condition of the mortgage can also be used to prevent foreclosure. Petterson v. Weinstock, supra, 442. Inconsistent conduct on the part of the mortgage, under certain circumstances may be deemed a waiver of a right to accelerate the debt. Christensen v. Cutaia, 211 Conn. 613, 619-20,560 A.2d 456 (1989).
The defendants allege that the plaintiff agreed to forbear from foreclosing the subject mortgage, and then, in contravention of that agreement, instituted this foreclosure action. If the court views the facts in the light most favorable to the defendants, as it must, see Mobilia, Inc. v. Santos, supra, the defendants have alleged inconsistent conduct on the part of the plaintiff that could create a viable defense to this action. See Christensen, v. Cutaia, supra. The defendants' first special defense is available as a defense to the instant foreclosure.
Moving on to the issue of whether the statute of frauds is applicable to the oral agreement alleged in the first special defense, the relevant statutory language provides that:
 [n]o civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party, to be charged: . . . (4) upon any agreement for the sale of real property or any interest in or concerning real property . . . . CT Page 9417
General Statutes Sec. 52-550(a). The narrow issue thus presented is whether an agreement to forbear from foreclosing a mortgage concerns "the sale of real property or any interest in or concerning real property," such that the agreement falls within the ambit of the Statutes of Frauds. No Connecticut case law addresses this issue.
When presented with the identical situation, Pennsylvania courts have held that:
 the alleged oral agreement not to foreclose was between the, mortgagor and the mortgagee. As between these parties, the mortgage represented an interest in land. The agreement not to foreclose was therefore an agreement to surrender an interest in land. As such, the agreement was within the Statute of Frauds.
Atlantic Financial v. Orianna, 594 A.2d 356, 357 (Pa.Super. 1991), quoting Eastgate Enterprises, Inc. v. Bank and Trust Company of Old York Road, 345 A.2d 279 (Pa.Super. 1975). Courts in other jurisdictions have reached like conclusions when presented with similar situations. See Gatts v. E.G.T.G., GMBH, 470 N.E.2d 425 (Ohio App. 19831) (discharge of a mortgage involves an interest in land and is therefore required to be in writing under the Statutes of Frauds); Casey v. Travelers Ins. Co., 585 So.2d 1361 (Ala. 1991) (release of mortgage is within Statute of Frauds) Hallaway, Properties v. Bank of New York, 547 N.Y.S.2d 728 (A.D, 4 Dept. 1989), leave for appeal denied 557 N.Y.S.2d 309 (Ct. App. 1990) (release of mortgage must be in writing).
Accordingly, an agreement to forbear from foreclosing a mortgage involves, an interest in real property; therefore, such an agreement is within the purview of the Statute of Frauds and must be in writing. Thus, the motion to strike is, granted as to the first special defense.
B. Second Special Defense
In their second special defense, the defendants allege that the sale of the repossessed rock crusher was not CT Page 9418 an arms length transaction and not for fair market value. Therefore, they arguer any deficiency sought to be recovered through the instant foreclosure is the result of the plaintiff's own conduct. The plaintiff moves to strike this special defense on the ground that it is not, an, available defense to a foreclosure action.
The defendants' second special defense is not among those defenses listed above as being available in a foreclosure action. See Petterson v. Weinstock, supra, and Christensen v. Cutaia, supra. Motion to strike is granted.
C. First Counterclaim
In their first counterclaim, the defendants allege that the plaintiff slandered the defendants, by knowingly making "false statements to prospective customers regarding the reliability of the defendant stand that, as a result the defendants "suffered injury to their reputation and lost contracts," (#111, Revised Answer to Amended Complaint). The plaintiff moves to strike this counterclaim on the ground that such a claim is not permitted under Practice Book Sec. 116.
"In any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint . . . ." Practice Book Sec. 116. "Section 116 `is a common-sense rule designed to permit the joinder of closely related claims where, such joinder is in the best interests of judicial economy.'" (Citation omitted.) Atlantic Richfield Co. v. Canaan Oil Co., 202 Conn. 234, 251, 520 A.2d 1008 (1987).
The transaction which is, the subject of the plaintiff's complaint is the defendants' execution of a note and mortgage in favor of the plaintiff, and the defendants' subsequent default. The factual and legal issues raised by the defendants' first counterclaim do not arise from the foreclosure action. See Wallingford v. Glen Valley Associates, Inc., 190 Conn. 158, 161, 459 A.2d 525 (1983). Motion to strike is granted as to the defendants' first counterclaim.
D. Second Counterclaim CT Page 9419
In their second counterclaim, the defendants allege that the plaintiff has engaged in unfair and deceptive trade practices, and that such practices constitute a violation of CUTPA. The plaintiff moves to strike this counterclaim on two grounds: (1) The defendants have failed to allege that they have suffered any ascertainable loss as a result of the plaintiff's alleged conduct, and (2) CUTPA does not apply to banks.
General Statutes Sec. 42-110b(a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." The commissioner of consumer protection is empowered to "establish by regulation acts, practices or methods which shall be deemed to be unfair or deceptive. . . ." General Statutes Sec. 42-110b(c). A cause of action under CUTPA may be brought by "[a]ny person who suffers any ascertainable loss of money or property, real, or personal, as a result of the use or employment of a method, act or practice prohibited by Section 42-110b . . . ." General Statutes Sec. 42-110g.
"The ascertainable loss requirement is a threshold barrier which limits the class of persons who may bring a CUTPA action seeking either actual damages or equitable relief. Hinchliffe v. American Motors Corporation,184 Conn. 607, 615, 440 A.2d 810 (1981). "While CUTPA damages need not be proven with absolute precision, the failure to present any evidence concerning the nature and extent of the injury sustained precludes recovery under the statute." A. Secondino and Son, Inc. v. LoRicco, 215 Conn. 336, 344,576 A.2d 464 (1990).
The defendants have failed to allege any loss or injury suffered as a result of, plaintiff's alleged violation of CUTPA. Therefore, because the right of a party to recover is limited to the allegations of his complaint, see Lamb v. Burns, 202 Conn. 158, 172, 520 A.2d 190 (1987), the defendants are precluded from presenting "evidence concerning the nature and extent of the injury sustained." A. Secondino and Son, Inc. v. LoRicco, supra. The motion to strike is granted as to the defendants' second counterclaim.
Since the motion to strike the defendant's CT Page 9420 second counterclaim may be granted on the first ground advanced by the plaintiff, the court need not consider the issue of the applicability of CUTPA to banking institutions.
Accordingly, the plaintiff's motion to strike is granted in its entirety.
WALSH, JOHN, J.