[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The principal issues in this summary process action is whether the defendant tendered rent to the plaintiff before she was served with a notice to quit and whether she is now entitled to equitable relief from the consequences of not doing so.
The parties agreed that the defendant would occupy a dwelling unit under a month to month tenancy. Rent was due on the first day of each month but with an agreed upon, as well as a statutory; General Statutes § 47a-15a; grace period of nine days. There is no question that the defendant did not tender the rent for the month of February by the tenth day of that month. On Saturday, February 15, the plaintiff served the defendant with a notice to quit. However, the defendant claims that she mailed the rent to the plaintiff on February 13th. The defendant mailed the rent in an envelope which was admitted into evidence bearing a post mark of the February 15, 1997, "PM".
"If a person to whom money is due, either by express assent CT Page 2507 or by a course of dealing from which assent may be inferred, authorizes its transmission by mail, the person from whom it was due is relieved from the consequences of a default if it is duly and properly put into the mail. Mackey v. Dobrucki,116 Conn. 666, 671, 166 A. 393; Console v. Torchinsky, 97 Conn. 353, 356,116 A. 613." Krin v. Udolf, 165 Conn. 264, 268, 334 A.2d 434
(1973). Here, the plaintiff did insist on the defendant mailing the rent to him.
"It is well settled that the breach of a covenant to pay rent does not automatically result in the termination of a lease. Rosa v. Cristina, 135 Conn. 364, 366, 64 A.2d 680 (1949). Rather, it gives the lessor a right to terminate the lease which he may or may not exercise. General Statutes § 47a-15a; Rosa v.Cristina, supra; Kovner v. Dubin, 104 Conn. 112, 118, 132 A. 473
(1926). In order to effect a termination, the lessor must perform some unequivocal act which clearly demonstrates his intent to terminate the lease. Tseka v. Scher, 135 Conn. 400,404, 65 A.2d 169 (1949) (re-entry of lease premises); Thompsonv. Coe, 96 Conn. 644, 651, 115 A. 219 (1921) (notice to quit). Moreover, a tender of rent by the lessee after a breach of the covenant of payment but before a declaration of forfeiture by some unequivocal act by the lessor precludes the latter from completing a forfeiture of the lease. Mayron's Bake Shops, Inc.v. Arrow Stores, Inc., 149 Conn. 149, 156, 176 A.2d 574 (1961);Kovner v. Dubin, supra, 120-21. Accordingly, in order to maintain an action for summary process for the nonpayment of rent, the lessor must . . . prove a termination of the lease prior to a tender of rent by the lessee. General Statutes §47a-23a." Simsbury Turnpike Realty v. Great A P TEA Co.,39 Conn. Sup. 367, 370, 465 A.2d 331 (App. Sess. 1983) (percuriam).
The issue here devolves to one of credibility.[1] The scales do not favor the defendant in this respect.
The defendant claims that even if the plaintiff has proven his summary process case, this court, as a court of equity, should intervene to enjoin a forfeiture of her possession of the premises. This defense has been properly pleaded, as it must be.Oakland Heights Mobile Park, Inc. v. Simon, 36 Conn. App. 432,436, 651 A.2d 281 (1994).
"`It is elementary that a court of equity, even in the absence of fraud, accident or mistake may grant relief to CT Page 2508 prevent a forfeiture resulting from the breach of a covenant to pay rent upon payment or tender of all arrears of rent with interest.' Zitomer v. Palmer, 38 Conn. Sup. 341, 345,446 A.2d 1084 ([App. Sess.] 1982)." Mobilia, Inc. v. Santos,4 Conn. App. 128, 131, 492 A.2d 544 (1985). "The factors considered . . . in deciding whether to grant equitable relief in nonpayment [of rent] cases are . . ., namely, (1) whether, in the absence of equitable relief, one party will suffer a loss wholly disproportionate to the injury to the other party . . . and (2) whether the injury to the other party is reparable."
"A court of equity will apply the doctrine of clean hands to a tenant seeking such equitable relief; thus, a tenant whose breach was willful or grossly negligent will not be entitled to relief." (Citations and internal quotation marks omitted.).Fellows v. Martin, 217 Conn. 57, 66-67, 584 A.2d 458 (1991). "Willful or gross negligence in failing to fulfill a condition precedent of a lease bars the application of the doctrine of equitable nonforfeiture. Fellows v. Martin, supra, 67; Nicoli v.Frouge Corporation, 171 Conn. 245, 247, 368 A.2d 74 (1976);Elliott v. South Isle Food Corporation, 6 Conn. App. 373, 377,506 A.2d 147 (1986). In circumstances involving the nonpayment of rent, we have construed strictly this threshold requirement in deciding whether to grant equitable relief." CumberlandFarms, Inc. v. Dairy Mart, Inc., 225 Conn. 771, 778,627 A.2d 386 (1993).
Applying these considerations, the court holds that the last factor, and accompanying circumstances, precludes the issuance of equitable relief. First, even it were assumed that the forfeiture of a month-to-month tenancy because of a five day delay in paying rent was a loss "wholly disproportionate to the injury" suffered by the plaintiff — a dubious assumption in the case of a month-to-month tenancy[2] — and conceding that the injury to the plaintiff is reparable, the evidence is that the defendant deliberately delayed paying rent to the plaintiff, albeit allegedly on the advice of a third person. "The deliberate failure on the part of the defendant to tender the agreed monthly rent . . . would not appear to allow the triggering of equitable relief or entitle [her] to an injunction." Mobilia, Inc. v. Santos, 4 Conn. App. 128, 131-132,492 A.2d 544 (1985); see Fellows v. Martin, 217 Conn. 57,584 A.2d 458 (1991); Danpar Associates v. Falkha, 37 Conn. Sup. 820,823, 438 A.2d 1209 (App. Sess. 1981). Second, although this was a lengthy month-to-month tenancy, the defendant has been late paying the rent on several occasions. Third, she has not CT Page 2509 tendered rent to the plaintiff for succeeding months. SeeMobilia, Inc. v. Santos, supra, 4 Conn. App. 132.[3]
However, the defendant does have three minor children whose school attendance may be disrupted by a sudden change of residence. This does warrant equitable consideration in connection with the issuance of an execution.
Judgment may enter for the plaintiff. Execution is stayed until June 30, 1997 upon the payment by the defendant to the plaintiff of $550.00 for use and occupancy by or before May 31, 1997 and $550.00 by or before June 10, 1997.
LEVIN, J.